# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MICHAEL JOSEPH CONCANNON,**

         **Plaintiff,**

**v.**                                      **Case No:   6:18-cv-2093-Orl-37KRS**

**INTERNATIONAL CRUISE &**
**EXCURSIONS,**

         **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. No. 2)** |
| **FILED:** | **December 5, 2018** |

## I.    BACKGROUND.

On December 5, 2018, Plaintiff, Michael Joseph Concannon, filed a Complaint for Employment Discrimination against Defendant, International Cruise & Excursions.   Doc. No. 1. He asserts violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, and the "Orlando City Ordinance Chapter 57 Anti-Discrimination Ordinance."   *Id.* at 3.

In the complaint, Concannon alleges that Defendant discriminated against him based on his "gender/sex" due to his sexual orientation.   *Id.* at 4.   Concannon claims that the discriminatory acts included termination of his employment, retaliation and harassment.   *Id.*

Specifically, Concannon claims that in April 2015, a senior manager employed by Defendant made an offensive anti-gay comment in a meeting, and Concannon reported the comment to Human

Resources ("HR").   *Id.* at 5, 7.   That same month, the senior manager "placed [Concannon] on a final write up for something [he] was on verbal for, skipping the written write up process, per company policy."   *Id.* at 5.   Between May and November 2015, Concannon alleges that he emailed HR several times stating that he felt he was being singled out, harassed and retaliated against based on filing the complaint against the senior manager.   *Id.* at 7.

Concannon also claims that in September 2015, he won a cruise to the Bahamas based on his performance as a top employee.   *Id.*   He alleges that while on the cruise, other employees were credited for sales that were attributable to him, and the other employees were paid for those sales.   *Id.*   Concannon challenged that decision between September 2015 and December 2015.   *Id.*   The Vice President of HR investigated his claim and ultimately concluded that Concannon was not entitled to be paid for the sales.   *Id.*   In December 2015, Concannon's supervisors told him "to let this matter go."   *Id.*   Concannon informed them that he would be filing a complaint with the U.S. Equal Employment Opportunity Commission ("EEOC").   *Id.* at 8.

Concannon was terminated from employment on January 2, 2016.   *Id.*   Concannon claims that he was terminated because he challenged the company's decision not to pay him for the disputed sales and because he filed the complaint about the senior manager's comment.   *Id.* at 6, 7.   He alleges that he should have been placed on a "verbal write up as per company policy," instead of being terminated from employment.   *Id.* at 8.

Concannon subsequently filed a formal charge with the EEOC.   Doc. No. 1, at 5.[1]   On September 5, 2018, the EEOC issued a determination that based upon its investigation, it was unable to conclude that the information submitted by Concannon established a violation.   Doc. No. 1-1. The EEOC included a Notice of Suit Rights.   *Id.* at 1.   Concannon indicates that he received the

---

[1] A copy of the formal charge filed with the EEOC is not included in the current record.   It appears that Concannon filed the formal charge with the EEOC in January 2016; however, the portion of the complaint including those allegations is not completely visible in the PDF available on CM/ECF.   *See* Doc. No. 1, at 5.

Notice on September 14, 2018.  Doc. No. 1, at 5.  Because he was required to file suit against Defendant within 90 days of receipt of the Notice, *see* Doc. No. 1-1, at 1, he timely filed his complaint on December 5, 2018.  In the complaint, he is seeking backpay and punitive damages, as well as an order requiring Defendant to "follow the laws [and] to stop them from discriminating against others like [him]."  Doc. No. 1, at 5.

With his complaint, Concannon filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), which I construe as a motion to proceed *in forma pauperis*.  Doc. No. 2.  The motion was referred to me for issuance of a Report and Recommendation, and the matter is now ripe for review.

## II.   STANDARD OF REVIEW.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), when a plaintiff seeks to proceed *in forma pauperis*, the Court is required to consider whether the plaintiff's complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See also* Local Rule 4.07; *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J., concurring) ("Section 1915(e) applies to all [in forma pauperis] litigants— prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.").  A complaint is frivolous within the meaning of § 1915(e)(2)(b) if it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

A *pro se* complaint should be construed leniently, but a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662.   Moreover, a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

## III.   ANALYSIS.

### A.   <u>Title VII Claim Based on Sexual Orientation</u>.

Title VII defines an "unlawful employment practice" as, among other things, an employer's discrimination against an employee "with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a).   *See also Gilchrist v. Bolger*, 733 F.2d 1551, 1553 (11th Cir. 1984) (citation omitted) ("Title VII only proscribes employment discrimination on the basis of race, color, religion, sex, or national origin.")).   Title VII also contains an anti-retaliation provision, which prohibits discrimination against an employee "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."   42 U.S.C. § 2003e-3(a).[2]

To establish a prima facie case of employment discrimination under Title VII, a claimant must demonstrate that: (1) he is a member of a protected class; (2) he was subjected to an adverse employment action; (3) he was qualified to do the job; and (3) his employer treated similarly situated

---

[2] An "employer" under Title VII includes "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. . . ."   42 U.S.C. § 2000e(b).   Concannon makes no allegations demonstrating that Defendant meets the statutory prerequisites to qualify as an "employer" under Title VII.   Even if he had, as discussed below, his complaint fails to state a claim on which relief can be granted.

employees outside of his protected class more favorably.  *See Holland v. Gee*, 677 F.3d 1047, 1055 (11th Cir. 2012); *see also Eaves v. Workforce Cent. Fla.*, No. 6:12-cv-1065-Orl-22KRS, 2012 WL 12929730, at *2 (M.D. Fla. Dec. 4, 2012) (enumerating same elements to state a claim for discrimination under Title VII).

Concannon alleges that he was discriminated against based on his "gender/sex" due to his sexual orientation.  Doc. No. 1, at 4.  In this Circuit, an allegation of discrimination based on sexual orientation does not state a cause of action under Title VII.  *See Evans v. Georgia Reg'l Hosp.*, 850 F.3d 1248, 1255 (11th Cir.), *cert. denied*, 138 S. Ct. 557 (2017).  In *Evans*, the Eleventh Circuit reviewed the *sua sponte* dismissal of a plaintiff's complaint.  *Id.* at 1251.  In the complaint, the plaintiff alleged that her employer violated Title VII by discriminating against her based on her sexual orientation and retaliating against her after she filed a complaint with her employer's HR department.[3]  *Id.* at 1250.  The Eleventh Circuit concluded that *Blum v. Gulf Oil Corp.*, 597 F.2d 936, 938 (5th Cir. 1979), barred her Title VII sexual orientation discrimination claim.  *Id.* at 1255.[4]

Accordingly, Concannon's claim that Defendant violated Title VII by discriminating against him based on his sexual orientation is due to be dismissed.  *See also Bostock v. Clayton Cty. Bd. of Comm'rs*, 723 F. App'x 964, 965 (11th Cir. 2018) (cited as persuasive authority) ("[T]he district court did not err in dismissing [the] complaint for sexual orientation discrimination under Title VII because our holding in *Evans* forecloses [the] claim."); *Gensheimer v. Vision Ace Hardware, LLC*, No. 2:18-cv-422-FtM-38MRM, 2018 WL 6019198, at *1 (M.D. Fla. Nov. 16, 2018) (citations

---

[3] In *Evans*, the plaintiff also asserted a Title VII discrimination claim based on gender non-conformity.  The Court held that discrimination based on gender non-conformity is an actionable claim under Title VII.  *See Evans*, 850 F.3d at 1254–55 (quotations omitted) ("[A] gender non-conformity claim is not just another way to claim discrimination based on sexual orientation, but instead, constitutes a separate, distinct avenue for relief under Title VII.").

[4] The *Blum* Court found that "[d]ischarge for homosexuality is not prohibited by Title VII."  597 F.2d at 938.  In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

omitted) ("The 11th Circuit recognizes gender non-conformity claims under Title VII, but not discrimination claims based on sexual orientation.").

To the extent that Concannon alleges that he was wrongfully terminated for his complaints regarding the payment of his commissions to other employees and the complaint to HR about his manager, these claims are not cognizable under Title VII absent an allegation that Defendant discriminated against him based on his membership in a protected class or that Defendant's conduct was otherwise prohibited under Title VII.  *See Pinder v. John Marshall Law Sch., LLC*, 11 F. Supp. 3d 1208, 1263 (N.D. Ga. 2014) ("[I]t is not enough for a plaintiff to show that he opposed garden-variety unfairness or harsh treatment in the workplace; he is only protected from retaliation if the practice he opposed or complained about is specifically prohibited by Title VII.").

Accordingly, I recommend that the Court dismiss the Title VII claim without prejudice.

B.   <u>Orlando City Ordinance Chapter 57 Anti-Discrimination Ordinance</u>.

Concannon alleges that Defendant discriminated against him based on his sexual orientation in violation of "Orlando City Ordinance Chapter 57 Anti-Discrimination Ordinance."   Doc. No. 1, at 3.   Orlando City Code § 57.14 makes it an unlawful discriminatory practice, in relevant part,

> For an employer, because of the race, religion, color, national origin, sex, sexual orientation, gender identity, age, handicap or marital status of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment. . . .

Orlando City Code § 57.14 (1).[5]

Concannon does not state the basis for this Court's jurisdiction over his claim that Defendant violated the local ordinance.   He also has not alleged a basis for diversity jurisdiction in this case.

---

[5]   The Code of Ordinances for Orlando can be accessed at MC Orlando, FL, https://library.municode.com/fl/orlando/codes/code_of_ordinances?nodeId=TITIICICO_CH57DI (last visited December 21, 2018).

*See* Doc. No. 1, at 1, 3.   Because this claim raises issues of state law, I recommend that the Court decline to exercise supplemental jurisdiction over it.

Pursuant to 28 U.S.C. § 1367(c)(3), district courts may decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all claims over which it has original jurisdiction."   "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."   *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) (footnotes omitted).   Here, because Concannon's only claim over which this Court has potential federal question jurisdiction—the Title VII claim—is foreclosed by binding precedent, I recommend that the Court decline to exercise supplemental jurisdiction over Concannon's claim that Defendant violated the local ordinance.[6]   Accordingly, this claim is also due to be dismissed.

---

[6] I have located no published court decisions, federal or state, addressing a claim under Orlando City Code § 57.14.   Even if the Court were to consider the merits of the claim, it appears that a person alleging an unlawful discriminatory practice under chapter 57 should file a complaint with the Orlando Chapter 57 Review Board or a Human Relations Official rather than filing a complaint in this Court.   *See* Orlando City Code § 57.05.   In addition, a complaint alleging a violation of Chapter 57 must be brought to the Chapter 57 Review Board within 180 days of the alleged incident.   *See id.*   Here, the alleged incidents occurred in 2015 and early 2016.   Doc. No. 1, at 4.   Finally, it appears that any redress provided in the ordinance is available to Concannon only as an alternative to any federal or state law remedies that he may have:

> For all charges of discrimination for which Chapter 57 of the Code of the City of Orlando is the only applicable law . . . and no state (under Ch. 760) or federal remedies (under Title VII, VIII, ADEA, ADA) are available, if a cause finding is made by the Human Relations staff and the case has not been successfully mediated or conciliated, either party may ask for the Chapter 57 Review Board to review the case as otherwise provided in Chapter 57.   If either party is unsatisfied with the Chapter 57 Review Board determination, they may access the quasi-judicial hearing process as provided in Article XXXII of Chapter 2 of the City Code.   The maximum penalty per violation shall be $500 and, under no circumstance shall any imprisonment or other criminal penalties be imposed for a violation of Chapter 57. . . .

*Id.* § 57.14.5.

Case 6:18-cv-02093-RBD-LHP   Document 6   Filed 01/02/19   Page 8 of 9 PageID 40

C.    Leave to Amend.

Ordinarily, a *pro se* party should be given one opportunity to file an amended complaint that states a claim within this Court's subject-matter jurisdiction on which relief could be granted. *See Troville v. Venz*, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002). It is at least possible that Concannon could remedy the deficiencies in his current complaint by amendment. Therefore, I recommend that the Court give Concannon leave to file an amended complaint.

In an amended complaint, Concannon must clearly allege the legal basis of the cause of action, whether a constitutional provision, treaty, statute or common law. Concannon must also allege facts supporting his causes of action and showing that they are plausible. To the extent that Concannon continues to assert a claim for violations of Title VII, he must include facts that plausibly establish that: (1) he is a member of a protected class; (2) he was subjected to an adverse employment action; (3) he was qualified to do the job; and (3) his employer treated similarly situated employees outside of his protected class more favorably. *See Holland*, 677 F.3d at 1055.

Concannon should not include argument in the amended complaint. Concannon must allege in the body of the complaint, under a section entitled "Statement of Facts," how Defendant participated in the activity that allegedly violated his rights. He must allege specifically how he has been damaged (harmed or injured by the actions and/or omissions of the Defendant(s)).

Finally, because Concannon is currently proceeding without a lawyer, the Court directs his attention to the Court's website, http://www.flmd.uscourts.gov. On the Court's homepage, Concannon can find basic information and resources for parties who are proceeding without a lawyer in a civil case by clicking on the "For Litigants" tab and then clicking on "Litigants without Lawyers."

## IV.    RECOMMENDATION.

For the reasons stated above, **I RESPECTFULLY RECOMMEND** that the Court decline to exercise supplemental jurisdiction over the state law ordinance claim, **DISMISS** the complaint

- 8 -

(Doc. No. 1) and **DIRECT** the Clerk of Court to terminate the motion to proceed *in forma pauperis* (Doc. No. 2).   I further **RECOMMEND** that the Court give Concannon leave to file an amended complaint within a time established by the Court, along with a renewed motion to proceed *in forma pauperis*.   Finally, I **RECOMMEND** that the Court advise Concannon that failure to file and amended complaint within the time permitted by the Court will result in dismissal of the case without further notice.

<u>**NOTICE TO PARTIES**</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on January 2, 2019.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy