## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### ORLANDO DIVISION

**MICHAEL JOSEPH CONCANNON,**

        **Plaintiff,**

**v.**                                           **Case No:   6:18-cv-2093-Orl-37LRH**

**INTERNATIONAL CRUISE &**
**EXCURSIONS, INC.,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. No. 15)** |
| **FILED:** | **March 27, 2019** |

## I.    BACKGROUND.

On December 5, 2018, Plaintiff, Michael Joseph Concannon, filed a Complaint for Employment Discrimination against Defendant, his previous employer, International Cruise & Excursions.   Doc. No. 1.   He asserted violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, and the "Orlando City Ordinance Chapter 57 Anti-Discrimination Ordinance."   *Id.* at 3.

In the complaint, Concannon alleged that Defendant discriminated against him based on his "gender/sex" due to his sexual orientation.   *Id.* at 4.   Concannon claimed that the discriminatory acts included termination of his employment, retaliation, and harassment.   *Id.*

Magistrate Judge Spaulding issued a Report and Recommendation recommending that the Court dismiss the complaint without prejudice because Concannon failed to state a claim under Title VII.   Doc. No. 6.   Specifically, in this Circuit, "an allegation of discrimination based on sexual orientation does not state a cause of action under Title VII."   *Id.* at 5 (citing *Evans v. Georgia Reg'l Hosp.*, 850 F.3d 1248, 1255 (11th Cir.), *cert. denied*, 138 S. Ct. 557 (2017).   As to the anti-discrimination ordinance, Concannon had not stated a basis for the Court's jurisdiction over this claim, and due to the dismissal of Concannon's Title VII claim, Judge Spaulding recommended that the Court decline to exercise supplemental jurisdiction over it.   *Id.* at 7.   Judge Spaulding recommended, however, that the Court grant Concannon leave to file an amended complaint.   *Id.* at 8, 9.   The Court adopted the recommendation in its entirety.   Doc. No. 7.

On March 25, 2019, Concannon filed an amended complaint; and on March 26, 2019, Concannon filed a second amended complaint.   Doc. Nos. 13, 14.   On March 27, 2019, Concannon filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), which I construe as a motion to proceed *in forma pauperis*.   Doc. No. 15.   The motion was referred to me, and the matter is ripe for review.[1]

## II.    AMENDED COMPLAINT.

The second amended complaint, which this Report and Recommendation addresses as the operative complaint in this case,[2] includes only one count—a violation of Title VII (Harassment Retaliation, Discrimination, and Hostile Work Environment).   Doc. No. 14, at 9–10.   The factual

---

[1] This is the second motion for leave to proceed *in forma pauperis* filed by Concannon, *see* Doc. No. 2.   The Court denied the first motion and provided Concannon leave to file a renewed motion at the same time he filed his amended complaint.   Doc. No. 7, at 2.

[2] A "second amended complaint *completely supersedes* the original and amended complaints." *Gross v. White*, No. 8:05-CV-1767-27TBM, 2008 WL 2019606, at *3 (M.D. Fla. May 9, 2008), *aff'd in part*, 340 F. App'x 527 (11th Cir. 2009).

allegations are substantially similar to those asserted in Concannon's initial complaint. *Compare* Doc No. 1, *with* Doc. No. 14.

Concannon was employed by Defendant from May 2014 through January 2016 as an account manager. Doc. No. 14 ¶ 3. He received multiple awards as a top salesperson for Defendant. *Id.* ¶ 8. Beginning in 2015, he began complaining to Human Resources ("HR") and supervisors regarding favoritism and preferential treatment of his coworkers. *Id.* ¶¶ 10, 20.

Concannon alleges that during his employment with Defendant, a senior sales manager would make inappropriate comments. These included announcing at a "floor meeting" that the supervisor rode motorcycles, other males should not be expected to be invited on any rides, and he did not allow "nuts and butts" on his bike. *Id.* ¶ 10. The manager later apologized to Concannon for making this "anti-gay" comment, stating that he "[d]oesn't have anything against gay people as Plaintiff is a gay male," that he "has a gay friend," "his best friend is gay," and "he has nothing against gays." *Id.* ¶¶21–22. During this encounter, the manager showed Concannon inappropriate pictures. *Id.* Concannon complained to HR, but nothing was done about the manager's behavior. *Id.* ¶ 23.

During a separate encounter, the same manager told Concannon that "he was . . . able to control every aspect of Plaintiff's job," including what job source he worked, "what spiffs he could earn," or any incentives that Concannon could offer to potential customers. *Id.* ¶ 11. Concannon complained about this comment to HR. *Id.* ¶¶ 12–13. Approximately one week later, Concannon alleges that the manager retaliated against him by placing him on a final write up instead of a written write up to "make an example" out of Concannon. *Id.* ¶¶ 14–15. He was isolated from the rest of the sales floor and placed in a "lesser desired job source." *Id.* ¶¶ 19–20. The manager would also

direct Concannon to stop making sales calls and come to the manager's office, which would affect Concannon's efficiency.  *Id.* ¶¶ 24–25.

In September 2015, Concannon went on a company-paid cruise for being a top producer, during which he "lost some of his deals that were protected by customers that were calling in when he wasn't there."  *Id.* ¶¶ 26, 29.  After he returned from the cruise, he noticed that his sales were being credited to other employees, and he complained to his supervisor and the manager.  *Id.* ¶¶ 29–31.  He claims that he was terminated from employment for challenging Defendant's decision not to pay him what he claimed he was owed.  *Id.* ¶¶ 26–31, 45.

## III.   STANDARD OF REVIEW.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), when a plaintiff seeks to proceed *in forma pauperis*, the Court is required to consider whether the plaintiff's complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous within the meaning of § 1915(e)(2)(b) if it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* complaint should be construed leniently, but a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action."  *GJR Invs. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662.

## IV.   ANALYSIS.

In the second amended complaint, Concannon alleges that Defendant violated Title VII by: "Harassment, Retaliation, Discrimination and Hostile Work Environment."  Doc. No. 14, at 9. Each of these claims is contained in Count I of the second amended complaint.  Concannon does not delineate the factual allegations attributable to each of these claims, instead incorporating the

first forty-seven paragraphs of the complaint into Count I.   In this Count, Concannon makes a conclusory allegation that he "is a member of a protected class" with no explanation or factual support for that assertion.   Doc. No. 14 ¶ 49.   He further alleges that he was subjected to "extreme and outrageous behavior, sexual in nature at times," therefore, he "suffered intentional discrimination, harassment, a hostile work environment and retaliation" based on his membership in the protected class.   *Id.* ¶ 50.   He claims that the discrimination was "both pervasive and regular" and that the discrimination detrimentally affected him.   *Id.* ¶¶ 51–53.

Concannon's complaint is a quintessential shotgun pleading.   *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015) (one type of shotgun pleading is "one that commits the sin of not separating into a different count each cause of action or claim for relief"). Accordingly, the second amended complaint is due to be dismissed on this basis alone.   In addition, the second amended complaint does not state a claim under Title VII under any of the theories alleged, each of which is addressed below.

Title VII prohibits discrimination against an employee "with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a); *see also Gilchrist v. Bolger*, 733 F.2d 1551, 1553 (11th Cir. 1984) (citation omitted) ("Title VII only proscribes employment discrimination on the basis of race, color, religion, sex, or national origin.")).   To establish a prima facie case of employment discrimination under Title VII, a plaintiff must demonstrate that he is "a qualified member of a protected class and was subjected to an adverse employment action in contrast with similarly situated employees outside the protected class."   *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1087 (11th Cir. 2004).   "Although a Title VII complaint need not allege facts sufficient to make out a classic . . . prima facie case, it must provide enough factual matter (taken as true) to

suggest intentional . . . discrimination." *Pouyeh v. Bascom Palmer Eye Inst.*, 613 F. App'x 802, 810 (11th Cir. 2015) (quoting *Davis v. Coca–Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008)).[3]

Here, Concannon's conclusory allegation that he "is a member of a protected class" is insufficient.   Insofar as he intends to rely on his sexual orientation, as Judge Spaulding previously explained, an allegation of discrimination based on sexual orientation does not state a cause of action under Title VII.   *See Evans*, 850 F.3d at 1255; *see also Bostock v. Clayton Cty. Bd. of Comm'rs*, 723 F. App'x 964, 965 (11th Cir. 2018) ("[T]he district court did not err in dismissing [the] complaint for sexual orientation discrimination under Title VII because our holding in *Evans* forecloses [the] claim.").

As to his allegations regarding discrimination, viewed alone, as previously explained by Judge Spaulding:

> To the extent that Concannon alleges that he was wrongfully terminated for his complaints regarding the payment of his commissions to other employees and the complaint to HR about his manager, these claims are not cognizable under Title VII absent an allegation that Defendant discriminated against him based on his membership in a protected class or that Defendant's conduct was otherwise prohibited under Title VII.   *See Pinder v. John Marshall Law Sch., LLC*, 11 F. Supp. 3d 1208, 1263 (N.D. Ga. 2014)[.]

Doc. No. 6, at 6.   Concannon has not alleged membership in any class of persons protected by Title VII, nor has he otherwise identified conduct subject to the provisions of Title VII.   Accordingly, he has not stated a claim for discrimination under Title VII.

Concannon's claims for hostile work environment and harassment also require him to demonstrate that he is a member of a protected class.   *See, e.g.*, *Liberti v. Walt Disney World Co.*,

---

[3] Unpublished opinions of the Eleventh Circuit are cited as persuasive authority.   *See* 11th Cir. R. 36-2.

912 F. Supp. 1494, 1507 (M.D. Fla. 1995) ("To prove respondeat superior liability in a sexual harassment case the Plaintiffs must show: (1) membership in a protected class . . . ."); *Weinsheimer v. Rockwell Int'l Corp.*, 754 F. Supp. 1559, 1563 (M.D. Fla. 1990) (first element of hostile environment claim is that plaintiff is a member of a protected class).   Thus, these claims are likewise insufficient as pled.

Insofar as Concannon alleges a claim for retaliation under Title VII, he must demonstrate that he engaged in an activity protected under that statute; that he suffered an adverse employment action; and that there was a causal link between the protected activity and the adverse employment action.   *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008) (citing *Pennington v. City of Huntsville*, 261 F.3d 1262, 1266 (11th Cir. 2001)).   "Statutorily protected activity includes (1) opposing any practice made an unlawful employment practice by Title VII and (2) making a charge, testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing." *Stephen v. H. Lee Moffitt Cancer Ctr. & Research Inst. Lifetime Cancer Screening Ctr., Inc.*, 259 F. Supp. 3d 1323, 1341 (M.D. Fla. 2017) (citing 42 U.S.C. § 2000e-3(a); *EEOC v. Total Sys. Servs., Inc.*, 221 F.3d 1171, 1174 (11th Cir. 2000)).

Concannon was terminated from his employment with Defendant, which is sufficient to satisfy the adverse action prong.   However, Concannon does not specifically allege what protected activity he engaged in under Title VII, nor has he alleged a causal connection between any protected activity and his termination from employment.   Instead, he claims that he was terminated from his employment for "challeng[ing] the decision of the Defendant when it came to not paying him what should have been his" and because "he challenged the decision to fight for what he felt should have been his money that was being given to other account managers."   Doc. No. 14, ¶¶ 39, 45. Challenging Defendant's decision to credit sales to a different employee does not constitute

- 7 -

protected activity under Title VII.   Accordingly, Concannon's complaint fails to state a claim for Title VII retaliation.  *See, e.g.*, *Mealing v. Georgia Dep't of Juvenile Justice*, No. CV 110-123, 2011 WL 2462042, at *3 (S.D. Ga. May 12, 2011), *report and recommendation adopted*, No. CV 110-123, 2011 WL 2461948 (S.D. Ga. June 20, 2011) (complaint lacking allegations that adverse employment actions were related to statutorily protected activity cannot support a cause of an action for retaliation).

## V.   LEAVE TO AMEND.

Ordinarily, a *pro se* party should be given one opportunity to file an amended complaint that states a claim within this Court's subject matter jurisdiction on which relief could be granted.   *See Troville v. Venz*, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002).   Although Concannon has already filed two amended complaints, the Court has addressed only one of those amendments.   Moreover, it is at least possible that an amended complaint could cure the defects of the current complaint.   In addition, there is nothing in the record of this case suggesting that Concannon has engaged in any dilatory tactics or refused to comply with any Court orders, and there would be no prejudice to Defendant by allowing one more "bite at the apple."[4]   Accordingly, I recommend that Concannon be permitted one final attempt to cure the pleading deficiencies by filing a third amended complaint. *See Bell v. Fla. Highway Patrol*, 325 F. App'x 758, 760 (11th Cir. 2009) ("[A] district court should give a plaintiff an opportunity to amend his complaint rather than dismiss it when it appears that a more carefully drafted complaint might state a claim." (quoting *Friedlander v. Nims*, 755 F.2d 810, 813 (11th Cir. 1985))).   However, to avoid a subsequent shotgun pleading, I recommend that the Court instruct Concannon to separately allege each cause of action asserted, and to separately allege

---

[4] Because the Court has not yet addressed Concannon's requests to proceed *in forma pauperis*, Defendant has not yet been served in this case.

the factual allegations supporting each cause of action.   If the Court grants Concannon leave to file a third amended complaint, Concannon should be permitted to file a renewed motion to proceed *in forma pauperis*.

**VI.     RECOMMENDATION.**

For the reasons stated above, I **RESPECTFULLY RECOMMEND** that the Court **DISMISS** the second amended complaint without prejudice (Doc. No. 14) and **DIRECT** the Clerk of Court to terminate the motion to proceed *in forma pauperis* (Doc. No. 15).   I **RECOMMEND** that the Court permit Concannon leave to file a third amended complaint, within a time established by the Court, and allow him to file a renewed motion to proceed *in forma pauperis*.   Finally, I **RECOMMEND** that the Court advise Concannon that failure to file an amended complaint within the time permitted by the Court will result in dismissal of the case without further notice.

<u>**NOTICE TO PARTIES**</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on April 3, 2019.

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party

Courtroom Deputy