# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MICHAEL JOSEPH CONCANNON,**

       **Plaintiff,**

**v.**                                            **Case No:   6:18-cv-2093-Orl-37LRH**

**INTERNATIONAL CRUISE & EXCURSIONS, INC.,**

       **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. No. 19)**
>
> **FILED:**      **May 10, 2019**

### I. BACKGROUND.

On December 5, 2018, Plaintiff, Michael Joseph Concannon, filed a Complaint for Employment Discrimination against Defendant, his previous employer, International Cruise & Excursions. Doc. No. 1. He asserted violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, and the "Orlando City Ordinance Chapter 57 Anti-Discrimination Ordinance." *Id.* at 3.

In the complaint, Concannon alleged that Defendant discriminated against him based on his "gender/sex" due to his sexual orientation. *Id.* at 4. Concannon claimed that the discriminatory

acts included termination of his employment, retaliation, and harassment. *Id.* With the complaint, Concannon filed a motion to proceed *in forma pauperis*. Doc. No. 2.

Magistrate Judge Spaulding recommended that the Court dismiss the complaint without prejudice because Concannon failed to state a claim under Title VII. Doc. No. 6. Specifically, Concannon failed to establish membership in a class protected under Title VII or that Defendant's conduct otherwise was prohibited under Title VII. *Id.* at 5–6. As to the anti-discrimination ordinance, Concannon had not stated a basis for the Court's jurisdiction over this claim, and due to the dismissal of Concannon's Title VII claim, Judge Spaulding recommended that the Court decline to exercise supplemental jurisdiction over it. *Id.* at 7. Judge Spaulding recommended, however, that the Court grant Concannon leave to file an amended complaint. *Id.* at 8, 9. The Court adopted the recommendation in its entirety. Doc. No. 7.

On March 25, 2019, Concannon filed an amended complaint; and on March 26, 2019, Concannon filed a second amended complaint. Doc. Nos. 13, 14. On March 27, 2019, Concannon filed a renewed motion to proceed *in forma pauperis*. Doc. No. 15. Upon referral from the presiding District Judge, the undersigned recommended that the Court dismiss the second amended complaint, with leave to amend, because Concannon had failed to cure the deficiencies in his initial complaint. Doc. No. 16. Specifically, Concannon had again failed to sufficiently plead that he was the member of a protected class under Title VII, and he did not sufficiently allege that he engaged in protected activity under Title VII to state a retaliation claim. *Id.* The Court adopted that recommendation in its entirety, dismissed the second amended complaint, and permitted Concannon leave to amend. Doc. No. 17.

On May 10, 2019, Concannon filed a third amended complaint. Doc. No. 18. With the third amended complaint, Concannon filed a renewed motion to proceed *in forma pauperis*. Doc. No. 19. The motion was referred to the undersigned, and the matter is ripe for review.

## II. ALLEGATIONS OF THE THIRD AMENDED COMPLAINT.

The third amended complaint contains two counts: (1) violation of Title VII (hostile work environment); and (2) violation of Title VII (retaliation in the workplace). Doc. No. 18, at 2–3. Concannon has removed the majority of the factual allegations that had supported his previous complaints. *Id.* He alleges only that he was employed by Defendant between May 2014 and January 2016, and that during his employment, he "was subjected to various offensive behavior." *Id.* ¶ 3, 4. As to the hostile work environment claim (Count I), Concannon alleges that he "is a member of a protected class"; that he was subjected to "extreme and outrageous behavior, sexual in nature"; that he "suffered intentional discrimination because of his . . . protected class"; the discrimination was pervasive and regular and detrimentally affected him; and such discrimination "would detrimentally affect a reasonable person of the same protected class and same employment" as him. *Id.* ¶¶ 7–14. He includes no further factual allegations related to Count I.

As to the retaliation claim (Count II), Concannon again alleges that he "is a member of a protected class"; he filed "numerous complaints with Defendant regarding harassment in his work environment"; Defendant failed to remedy the situation; Concannon advised Defendant that he planned to file a complaint with the Equal Employment Opportunity Commission but the "retribution" continued; the retaliation was both pervasive and regular; and he was terminated from employment in January 2016 due to his "unwillingness to endure harassment in the work place, coupled with his filing of harassment and retaliatory complaints with Defendant." *Id.* ¶¶ 15–25. He alleges that the retaliation "would detrimentally affect a reasonable person of the same protected

class in the same employment position as him." *Id.* ¶ 24. He includes no further factual allegations related to Count II.

### III. STANDARD OF REVIEW.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), when a plaintiff seeks to proceed *in forma pauperis*, the Court is required to consider whether the plaintiff's complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous within the meaning of § 1915(e)(2)(b) if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* complaint should be construed leniently, but a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662.

### IV. ANALYSIS.

As previously explained, *see* Doc. Nos. 6–7, 16–17, in order to establish a discrimination claim under Title VII, Concannon must demonstrate that he is "a qualified member of a protected class and was subjected to an adverse employment action in contrast with similarly situated employees outside the protected class." *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1087 (11th Cir. 2004). "Although a Title VII complaint need not allege facts sufficient to make out a classic . . . prima facie case, it must provide enough factual matter (taken as true) to suggest intentional . . . discrimination." *Pouyeh v. Bascom Palmer Eye Inst.*, 613 F. App'x 802, 810 (11th Cir. 2015) (quoting *Davis v. Coca–Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008)).[1]

---

[1] Unpublished opinions of the Eleventh Circuit are cited as persuasive authority. *See* 11th Cir. R. 36-2.

As the Court explained to Concannon (*see* Doc. No. 16 at 6), his conclusory allegation in the third amended complaint that he "is a member of a protected class" is insufficient; he does not identify what protected class he is referring to or how he was discriminated against based on such protected characteristic.[2] He also has not alleged that similarly situated employees were treated differently. *E.g.*, *Gilliam v. U.S. Dep't of Veterans Affairs*, No. 2:16-cv-255-FtM-29CM, 2018 WL 3707834, at *5 (M.D. Fla. Aug. 3, 2018). His general claims of harassment are otherwise "no more than labels or conclusions," which are insufficient to state a claim under Title VII. *See Chapman v. U.S. Postal Serv.*, 442 F. App'x 480, 484 (11th Cir. 2011). Accordingly, Count I of the third amended complaint is due to be dismissed.

As to Count II, Concannon alleges a claim for retaliation under Title VII; thus, he must allege sufficient facts to demonstrate that he engaged in an activity protected under that statute; that he suffered an adverse employment action; and that there was a causal link between the protected activity and the adverse employment action. *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008) (citing *Pennington v. City of Huntsville*, 261 F.3d 1262, 1266 (11th Cir. 2001)). Statutorily protected activity includes both (1) opposing a practice made an unlawful employment practice by Title VII (the "opposition clause") and (2) making a charge, testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing under Title VII (the "participation clause"). *See Muhammad v. Audio Visual Servs. Grp.*, 380 F. App'x 864, 873 (11th Cir. 2010).

Because Concannon was terminated from employment before he filed a charge with the EEOC, the participation clause does not apply. *See id.* The opposition clause, however, "protects

---

[2] In his previous complaints, it appeared that Concannon was attempting to rely on his sexual orientation to establish that he was a member of a protected class. He makes no such assertion in the third amended complaint. Even if he had, as Judge Spaulding previously explained, an allegation of discrimination based on sexual orientation does not state a cause of action under Title VII. Doc. No. 6 at 5; *see also Evans v. Ga. Reg'l Hosp.*, 850 F.3d 1248, 1255 (11th Cir. 2017).

activity that occurs before the filing of a formal charge with the EEOC, such as submitting an internal complaint of discrimination to an employer, or informally complaining of discrimination to a supervisor." *Id.* at 872. The employee must demonstrate that "he held an objectively reasonable belief" that discrimination had occurred. *See id.* "The objective reasonableness of an employee's belief that [his] employer has engaged in an unlawful employment practice must be measured against existing substantive law." *Id.* (citing *Clover v. Total System Services, Inc.*, 176 F.3d 1346, 1351 (11th Cir. 1999)).

Concannon alleges in a conclusory fashion that he "is a member of a protected class," that he filed "numerous complaints with Defendant regarding harassment in his work environment," and that Defendant terminated his employment due to his "unwillingness to endure harassment." Doc. No. 18 ¶¶ 15–25. Without any factual basis to support these assertions, or an allegation that he engaged in any activity specifically protected under Title VII, Count II is also due to be dismissed. *See, e.g.*, *Satchel v. Sch. Bd. of Hillsborough Cty.*, 251 F. App'x 626, 628 (11th Cir. 2007) (finding allegations in plaintiff's complaint, "including filing a union grievance, filing an informal complaint of harassment by a co-worker, and writing letters to the editor of local newspapers, do not constitute the type of protected activity contemplated by Title VII because [plaintiff] failed to allege that the complaints included in these documents had any relationship to [a protected characteristic] or otherwise indicate that [defendant] was engaged in unlawful employment practices"); *Pinder v. John Marshall Law Sch., LLC*, 11 F. Supp. 3d 1208, 1263 (N.D. Ga. 2014) ("[I]t is not enough for a plaintiff to show that he opposed garden-variety unfairness or harsh treatment in the workplace; he is only protected from retaliation if the practice he opposed or complained about is specifically prohibited by Title VII.").

The Court has already provided Concannon leave to amend his complaint on two occasions, and each time explained in detail why his allegations were insufficient and what he needed to allege to establish non-frivolous claims. Unfortunately, Concannon has been unable to resolve the deficiencies of his prior pleadings, and it appears that he will never be able to do so. I therefore recommend that the Court dismiss the third amended complaint with prejudice and without leave to amend. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (emphasis added) (leave to amend may be denied based on the factual circumstances of the case, "such as undue delay, bad faith or dilatory motive on the part of the movant, *repeated failure to cure deficiencies by amendments previously allowed*, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment . . . .") (emphasis added); *Hopkins v. JPMorgan Chase & Co.*, 620 F. App'x 880 (11th Cir. 2015) (finding district court properly dismissed third amended complaint with prejudice when plaintiff failed repeatedly to amend her complaint in compliance with Federal Rules of Civil Procedure (citing *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006))).

**VI.   RECOMMENDATION.**

For the reasons stated above, I **RESPECTFULLY RECOMMEND** that the Court **DISMISS** the third amended complaint with prejudice (Doc. No. 18), **DIRECT** the Clerk of Court to terminate the motion to proceed *in forma pauperis* (Doc. No. 19), and **DIRECT** the Clerk of Court to thereafter close the file.

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on May 28, 2019.

*Leslie R. Hoffman*
LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy