UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHAEL JOSEPH CONCANNON,

     Plaintiff,

v.                                         Case No. 6:18-cv-2093-Orl-37LRH

INTERNATIONAL CRUISE &
EXCURSIONS, INC.,

     Defendant.
_____

## <u>ORDER</u>

Before the Court is: (1) U.S. Magistrate Judge Leslie R. Hoffman's Report and
Recommendation (Doc. 20 ("**R&R**")); and (2) *pro se* Plaintiff's Motion Objecting to the
Report and Recommendation. (Doc. 21 ("**Objection**")). On review, the Objection is
overruled and the R&R adopted.

## I.    BACKGROUND

On May 10, 2019, Plaintiff, proceeding *pro se*, filed a third amended complaint
alleging violations of Title VII of the Civil Rights Act of 1964 ("**Title VII**") against
Defendant, his former employer. (Doc. 18 ("**TAC**").) Plaintiff also filed a motion to
proceed *in forma pauperis* (Doc. 19 ("**IFP Motion**")). On referral, Magistrate Judge
Hoffman recommends dismissing the TAC with prejudice and terminating the IFP
Motion. (Doc. 20 ("**R&R**").) Specifically, Magistrate Judge Hoffman finds that, despite
two opportunities to amend his complaint, the TAC fails to adequately plead that he is a
member of a protected class and does not allege that he engaged in activity specifically

protected under Title VII. (*Id.* at 5–7.)

Now, Plaintiff filed an objection to the R&R asserting that his initial filing correctly asserted that he was retaliated against and fired because of his sexual orientation and that this case should be stayed pending the U.S. Supreme Court's decision on whether discrimination against an employee based on sexual orientation constitutes prohibited discrimination within the meaning of Title VII. (Doc. 21.)

## I.    LEGAL STANDARDS

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* If the matter is nondispositive, the district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *see, e.g.*, *In re Application of Hornbeam Corp.*, No. 14-24887-MC-SEITZ/TURNOFF, 2016 WL 3866561, at *1 (S.D. Fla. July 13, 2016) ("Rule 72(a) instructs the district court to review nondispositive matters for clear error or contrariness to the law.") A finding is clearly erroneous "when although there is evidence [in the record] to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). A finding is considered contrary to law if it does not apply or misapplies the relevant statutes, case law, or rules of procedure. *Tompkins v. R .J. Reynolds Tobacco Co.*, 92 F. Supp. 2d 70, 74 (N.D.N.Y. 2000).

## II.    DISCUSSION

Plaintiff objects to the R&R on the basis that his initial complaint sufficiently alleged that he was discriminated against based on his sexual orientation and asks the Court to stay this case pending the U.S. Supreme Court's decision in *Bostock v. Clayton County, Georgia*. (Doc. 21.) On *de novo* review, the Court finds the Objection is due to be overruled and the R&R adopted.

Title VII makes it unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).

Plaintiff's conclusory allegation that he "is a member of a protected class" is insufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). And further, to the extent Plaintiff intended to assert that he is a member of a protected class based on his sexual orientation, an allegation of discrimination based on sexual orientation does not state a cause of action under Title VII in this Court. *See Evans v. Georgia Reg'l Hosp.*, 850 F.3d 1248, 1255 (11th Cir.), *cert. denied*, 138 S. Ct. 557 (2017); *see also Bostock v. Clayton Cty. Bd. of Comm'r*, 723 F. App'x 964 (11th Cir. 2018),[1] *cert. granted*, *Bostock v. Clayton Cty., Ga.*, 139 S. Ct. 1599 (2019) ("[T]he district court did not err in

---

[1] While unpublished opinions are not binding precedent, they may be considered as persuasive authority. *See* 11th Cir. R. 36-2; *see also United States v. Almedina*, 686 F.3d 1312, 1316 n.1 (11th Cir. 2012).

dismissing [the] complaint for sexual orientation discrimination under Title VII because our holding in *Evans* forecloses [the] claim.") While the Court appreciates Plaintiff's argument regarding certiorari in *Bostock*, the law of the U.S. Court of Appeals for the Eleventh Circuit remains intact until the U.S. Supreme Court determines otherwise, and the Court will not stay this action indefinitely. Thus, Plaintiff's Objection is overruled. As Plaintiff already had three attempts at pleading his claims, the case is dismissed with prejudice and the R&R adopted.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.  Plaintiff's Motion Objection to the Report and Recommendation (Doc. 21) is **OVERRULED**.

2.  U.S. Magistrate Judge Leslie R. Hoffman's Report and Recommendation (Doc. 20) is **ADOPTED, CONFIRMED**, and made a part of this Order.

3.  The Complaint and Demand for Jury Trial (Doc. 18) is **DISMISSED WITH PREJUDICE.**

4.  The Clerk is **DIRECTED** to **TERMINATE** Plaintiff's motion to proceed *in forma pauperis* (Doc. 19).

5.  The Clerk is **DIRECTED** to close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on July 26, 2019.



ROY B. DALTON JR.
United States District Judge

Copies to:
*Pro Se* Party